```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

QUITMAN WAYNE AINSWORTH                            APPELLANT

VS.                             CIVIL ACTION NO. 3:07CV307TSL

JAMES D. MCDONALD, ET AL.                          APPELLEES

## MEMORANDUM OPINION AND ORDER

On February 26, 2007, a notice of appeal was filed by Quitman Wayne Ainsworth of a February 14, 2007 order of the Bankruptcy Court dismissing his complaint to determine dischargeability of debt.  The appeal was sent to this court and docketed on May 31, 2007.  No action was taken by appellant beyond the filing of his notice of appeal, and on March 3, 2008, this court dismissed the appeal due to appellant's failure to timely file his brief in accordance with Rule 8009(a)(1) of the Bankruptcy Rules.  On March 13, 2008, appellant filed with the court a motion for reconsideration in which he stated simply that he would file an accompanying proposed brief if the court would grant his motion for reconsideration.  No explanation was offered for his failure to have filed the brief during the nine months since the notice of appeal was filed, or for that matter, for his failure to respond to inquiries from the court concerning the need to file a brief.

Bankrutpcy Rule 8009 provides:

Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

Rule 8001(a) authorizes dismissal of a bankruptcy appeal for failure to comply with the bankruptcy rules. The courts have repeatedly recognized the authority to dismiss a bankruptcy appeal for failure to file an initial brief. See In re Peque%25no, 240 Fed. Appx. 634, 636, 2007 WL 1806866, 1 (5th Cir. 2007); In re Braniff Airways, Inc., 774 F.2d 1303, 1305, 1305 n.6 (5th Cir. 1985); Pyramid Mobile Homes, Inc. v. Speake, 531 F.2d 743, 745-46 (5th Cir. 1976). Appellant, who is represented by counsel, failed to timely file his brief and has offered no reason for this failure. The court concludes that his motion for reconsideration should be denied. See In re Shah, 204 Fed. Appx. 357, 359, 2006 WL 3068839, 1 (5th Cir. 2006) (holding that district court did not abuse its discretion in denying motion to vacate order dismissing bankruptcy appeal for failure to file brief where appellant provided no reasonable explanation or justification for his complete failure to file a brief).

Accordingly, it is ordered that appellant's motion to reconsider is denied.[1]

SO ORDERED this 9th day of May, 2008.

                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE

---

[1] The court notes that on the same day appellant filed his motion for reconsideration, appellee filed a motion to dismiss the appeal for failure to comply with the bankruptcy rules.  At the time that motion was filed, the appeal had already been dismissed. As the court has denied appellant's motion to reconsider the order of dismissal, appellee's motion to dismiss is denied as moot.